Ivan and Mary **BOGGS, et al.,**
**Plaintiffs–Appellants,**

v.

The **FARMERS STATE BANK OF TEXAS COUNTY, MISSOURI** and **Texas County Bank, Defendants–Respondents.**

No. 18147.

Missouri Court of Appeals,
Southern District, Division Two.

Jan. 27, 1993.

Kevin E. Glynn of Niewald, Waldeck & Brown, Kansas City, plaintiffs-appellants.

Kenneth A. Wagoner of Brill, Moore & Wagoner, P.C., West Plains, for defendants-respondents.

MONTGOMERY, Presiding Judge.

As shareholders of The Farmers State Bank of Texas County, Missouri, Plaintiffs filed an action under § 362.730 [1] on March 2, 1987. Their petition named that bank and the Texas County Bank as Defendants and alleged the two banks merged or consolidated on December 30, 1986. Plaintiffs alleged they were dissenting shareholders and entitled to an order appointing appraisers to value their shares in Defendant banks.

The record reflects little activity in the case after the petition was filed. Eventually the case was dismissed without prejudice for lack of prosecution on January 18, 1991.

The present suit was instituted on January 7, 1992. The petition was almost identical to the petition in the prior case. Defendants filed a Motion to Dismiss alleging the relief sought by Plaintiffs' petition was barred by the sixty-day statute of limitations contained in § 362.730.1(1). After the trial court sustained Defendants' motion, Plaintiffs brought this appeal.

Clearly, the present suit was filed more than sixty days after Plaintiffs' cause of action arose (merger or consolidation on December 30, 1986). § 362.730.1(1). However, the present suit was filed within one year after Plaintiffs' original suit was dismissed on January 18, 1991.

 Here, in their only point, Plaintiffs show little concern for the sixty-day limitation in § 362.730 taking the position "[t]he Missouri 'Savings Statute', R.S.Mo. § 516.230, grants a party which [sic] has suffered a non-suit [2] one year in which to refile an action." Defendants counter by arguing that "the savings statute does not apply to an action brought under a statute which defines a cause of action and carries its own period of limitation." Defendants are correct.

The procedure available to dissenting shareholders who desire an appraisal and sale of their stock after merger or consolidation of the issuing corporation is found in § 362.730. That statute, in pertinent part, provides:

1. If any merger or consolidation takes effect under the provisions of sections 362.610 to 362.810, then the holder of any stock, with or without voting rights, of any corporation which is a party to the agreement not voting in favor of the agreement to merge or consolidate at the stockholders' meeting aforesaid shall be entitled to receive from the receiving corporation, in case of a merger or from the consolidated corporation in case of a consolidation, the reasonable value of his stock at the time of the merger or consolidation, which value shall be determined in the following manner:

(1) Within sixty days after the taking effect of the merger or consolidation, the dissenting stockholder may apply to the circuit court of the county wherein the principal place of business of the receiving corporation, in case of a merger, or the consolidated corporation, in case of a consolidation, is located, by petition for the appointment of appraisers to value his stock;

(2) At any time during the above named sixty days any other dissenting stockholder or stockholders, in any corporation which is a party to the agreement, may file his or their petition in the court wherein the proceeding is pending for the determination of the value of their respective shares of stock affected by the merger or consolidation;

(3) Any stockholder who does not become a party to such proceeding within the time herein prescribed shall be conclusively presumed to have assented to the merger or consolidation and shall be bound thereby as fully and as firmly as if he had voted therefor.

---

1. Statutory references are to RSMo 1986 unless otherwise indicated.

2. We agree with Plaintiffs' position that the dismissal suffered by Plaintiffs on January 18, 1991, was a nonsuit within the meaning of § 516.230. *Ritter v. Aetna Cas. & Sur. Co.*, 686 S.W.2d 563, 565 (Mo.App.1985).

This statute is entitled "Dissenting stockholder may receive reasonable value of his stock—limitation, petition, hearing, appointment of appraisers."

The so-called Missouri "savings statute," § 516.230, as pertinent here, reads:

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such non-suit suffered....

Plaintiffs recognize the opening clause of § 516.230 limits the application of the statute. They contend § 516.120(2)[3] is the statute of limitation which applies to their case because § 362.730 creates a liability which allows them to have their stock appraised and recover its value. Plaintiffs cite no authority to support their position.

Defendants believe such contention is flawed by virtue of § 516.300 which states:

> The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute.

Beginning in 1875, a line of Missouri cases supports Defendants' argument. Such cases hold that when a cause of action is created by a statute which contains its own limitation period, the saving provisions of § 516.230 (including its predecessor) are inapplicable.

In *Gerren v. Hann. & St. Jo. R.R. Co.,* 60 Mo. 405 (1875), Plaintiff timely brought suit under a statute (containing a one-year limitation period) allowing recovery of damages for livestock killed by railroad cars in unfenced areas of the railroad. Plaintiff suffered a nonsuit in the original action and refiled the suit over one year after his loss. The predecessor statutes to §§ 516.-230 and 516.300 were both in effect at that time. The Court held the savings statute had no application to plaintiff's cause of action because "the action of the plaintiff was required to be brought in the time limited in the act under which the action was brought...." *Id.* at 411.

The rule of law announced in *Gerren* was followed and thoroughly analyzed in *Stine v. Kansas City Terminal Ry. Co.,* 564 S.W.2d 619 (Mo.App.1978). There, plaintiff timely brought a FELA action. That federal act contains its own three-year statute of limitations. Plaintiff later dismissed his petition without prejudice and refiled it within one year thereafter. More than three years had elapsed from the date of injury when the petition was refiled. The Court held that plaintiff's action was time barred and § 516.230 did not apply because the FELA statute carried its own built-in statute of limitations. The Court said:

> Random decisions holding that Missouri's "savings" statute, Section 516.230, supra, and its earlier counterparts, does not extend to actions predicated on acts or statutes having their own specifically prescribed statute of limitations are: *Meriwether v. Overly,* 228 Mo. 218, 129 S.W. 1 (1910), an action to set aside a tax sale barred by a limitations provision contained in a municipal charter; *State ex rel. Mackey v. Thompson,* 81 Mo.App. 549 (1899), an action against a notary public; *Wedemeier v. St. Louis Malleable Casting Co.;* 52 S.W.2d 569 (Mo.App. 1932), a workmen's compensation claim; and *Clark v. Kansas City, St. L. & C.R. Co.,* 219 Mo. 524, 118 S.W. 40 (1909), a wrongful death action brought before the 1909 amendment adding a year's saving proviso to the wrongful death limitations provision.

*Id.* at 621. *Stine* also relied on *Toomes v. Continental Oil Co.,* 402 S.W.2d 321 (Mo. 1966), where the Supreme Court determined, "§ 516.230 is not a general procedural statute. Its application is limited to causes of action, limitations for which are prescribed by § 516.010 to § 516.370." *Id.* at 324.

Section 362.730 carries its own built-in statute of limitation as the title plainly

---

**3.** § 516.120(2) provides that "[a]n action upon a liability created by a statute other than a penal-ty or forfeiture," must be brought within five years.

reveals by the word "limitation." By unambiguous language, § 362.730.1(1) requires that an action be commenced in circuit court within sixty days after merger or consolidation. " 'Since the title of an act is essentially a part of the act and is itself a legislative expression of the general scope of the bill, it may be looked to as an aid in arriving at the intent of the legislature.' " *In re Tompkins' Estate*, 341 S.W.2d 866, 871 (Mo.1960). Therefore, the legislature intended to impose a sixty-day limitation period upon the remedy outlined in the statute.

The savings statute does not apply to Plaintiffs' cause of action. Plaintiff's claim is barred by the provisions of the statute under which it was brought. The order dismissing Plaintiffs' petition was proper and is hereby affirmed.

FLANIGAN and PREWITT, JJ., concur.