**Michael RICHARD, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, Respondent–Appellant.**

**No. 64524.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 8, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent-appellant.

David O. Danis, Paul J. Vaporean, St. Louis, for petitioner-respondent.

CRANDALL, Presiding Judge.

The Director of Revenue (Director) appeals from a judgment of the trial court granting the petitioner, Michael Richard, limited driving privileges pursuant to § 302.309, RSMo (Cum.Supp.1992). We reverse.

Petitioner was arrested for driving while intoxicated on January 20, 1993. He pleaded guilty to a charge of driving with a blood alcohol content of more than .10, and the Director revoked his driving privileges effective April 1, 1993, for a period of one year. His driving privileges were also revoked on

April 1, 1993, for an accumulation of points as a result of a blood alcohol content (BAC) conviction on March 11, 1993.

On April 29, 1993, petitioner filed a petition for limited driving privileges. His petition stated that he did not have any disqualifying condition which would prevent him from obtaining driving privileges pursuant to § 302.309. He also attached a copy of his driving record which listed the April 1, 1993, revocation for one year. The Director waived personal service of the petition, entered her appearance, participated in the drafting of the court order and consented to the grant of limited driving privileges to petitioner.

Petitioner's driving record reveals that his driving privileges had been revoked under § 302.525.2 and he had not served the period of revocation as required under § 302.309.-3(5)(i). Therefore petitioner was statutorily ineligible for limited driving privileges[1].

Director contends on appeal that the trial court lacked jurisdiction to grant petitioner limited driving privileges because he was ineligible for limited driving privileges pursuant to § 302.309.3(5)(i), RSMo (Cum.Supp.1992). Petitioner counters that Director waived any right to appeal when she consented to the order granting petitioner limited driving privileges.

In order to appeal from a judgment, a party must be aggrieved by that judgment. § 512.020 RSMo 1986. A party cannot be aggrieved by a judgment made with that party's express or implied consent. *Foger v. Johnson,* 362 S.W.2d 763, 765 (Mo. App.1962). It is also clear, however, that subject matter jurisdiction cannot be conferred by consent and the lack thereof can be raised at any stage of the proceedings, even for the first time on appeal. *Ferguson v. Director of Revenue,* 783 S.W.2d 132, 133 (Mo.App.1989).

The issue then is whether the trial court lacked subject matter jurisdiction to grant petitioner limited driving privileges. When a court of general jurisdiction is engaged in the exercise of a special statutory power, that court's jurisdiction is limited by that statutory power. *Frieden v. Director of Revenue,* 864 S.W.2d 27, 28 (Mo.App.S.D. 1993). In the instant case, the trial court was engaged in the exercise of statutory power granted by § 302.309, and therefore the court's subject matter jurisdiction was limited by statute. "A trial court lacks jurisdiction to grant hardship driving privileges to those who are statutorily ineligible to receive them." *Id.; See also Barnes v. Director of Revenue,* 856 S.W.2d 108, 109 (Mo.App.W.D. 1993); *Blackmon v. Director of Revenue,* 858 S.W.2d 861, 862 (Mo.App.W.D.1993).

Here, petitioner's driving privileges had been revoked pursuant to § 302.525.2 and he had not served the period of revocation. Because he was statutorily ineligible, the trial court lacked subject matter jurisdiction to grant him limited driving privileges.

The judgment of the trial court is reversed[2].

REINHARD and CRIST, JJ., concur.

---

1. Section 302.309.3(5)(i) states:
   (5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons: (i) Who has received a suspension under subsection 2 of section 302.525 and who has not completed the first thirty days of such suspension, provided he is not otherwise ineligible for hardship driving privileges; or who has received a revocation under subsection 2 of section 302.525 and has not completed such revocation.

2. Petitioner's motion to dismiss the appeal is denied.