**Phillip L. ROSEMANN and Martin Veblen, Inc., Plaintiff, Plaintiff/Appellant,**

v.

**ROTO–DIE COMPANY, INC., et al., Defendants/Respondents.**

No. 71691.

Missouri Court of Appeals, Eastern District, Division Two.

June 24, 1997.

Summers, Compton, Wells & Hamburg, Steven M. Hamburg, David A. Sosne, St. Louis, for Plaintiff/Appellant.

Theodore Ponfil, Eureka, Thompson Coburn, Charles A. Newman, Bruce D. Ryder, Kathy A. Wisniewski, St. Louis, for Defendants/Respondents.

PUDLOWSKI, Judge.

Appellant, Phillip L. Rosemann, brought a declaratory judgment action in the Circuit Court of St. Louis County, requesting the court to declare that he had the right to obtain the value of his shares in respondent, Roto–Die Company, Inc. (Roto–Die), at the time immediately prior to the merger effective date, and pursuant to § 351.455 RSMo 1994.[1] In his petition, appellant named Roto-Die, Richard Rosemann, Thomas Rosemann and Melvin Stanley as defendants. Richard Rosemann is now deceased and his estate is no longer a party to this litigation, leaving Roto–Die, Thomas Rosemann and Melvin Stanley (Stanley) as respondents. Respondents filed a joint motion for summary judgment in the declaratory judgment action and also filed a counterclaim for accounting, alleging that appellant diverted more that $900,000 from Roto–Die, in breach of his fiduciary duty as an officer and director. Judge Hartenbach granted respondents' motion for summary judgment on appellant's declaratory judgment action. Appellant also filed a motion for summary judgment on respondents' counterclaim, admitting that he

---

1. All statutory references refer to RSMo 1994 unless otherwise noted.

diverted the funds, but claiming that he had already accounted for the funds. The court denied the appellant's motion. Thereafter, appellant filed another motion for summary judgment on the counterclaim, alleging that it was barred by the statute of limitations. The court also denied that motion. Appellant, instead of proceeding to trial on the counterclaim, agreed to a consent judgment on the counterclaim and said judgment was entered by Judge Godfrey on February 5, 1996.

Appellant appeals the judgment of the circuit court sustaining respondents' joint motion for summary judgment on appellant's declaratory judgment action. Appellant further appeals the February 5, 1996 judgment entered on respondents' counterclaim, as well as the court's denial of his motion for summary judgment on the counterclaim.

We find that respondents have presented facts which negate appellant's elements fact[2] that he voted against the merger. As a result, appellant is not a dissenting shareholder for purposes of § 351.455 and cannot avail himself of the rights granted by it. Summary judgment, therefore, was properly granted by the court in favor of respondents. Appellant's first point is denied. We find further that, because points II, III, and IV of appellant's brief attempt to appeal certain elements of the consent judgment entered on February 5, 1996, we lack jurisdiction to rule on them. These points are, therefore, dismissed.

Roto–Die, a Missouri corporation with its principal place of business in St. Louis County, is the surviving corporation of its merger with Micrometrics Systems, Inc. The Certificate of Merger was issued on October 1, 1991, effectuating the merger of Micrometrics into Roto–Die. Prior to the merger, Roto–Die owned one-third of the stock of Micrometrics. Both of the closely-held corporations manufactured rotary tooling and operated jointly as a unit under the trademarked name of "the RotoMetrics Group" for eight years preceding the merger. Roto–Die purchased its one-third interest in Microme-

trics in 1983, with the understanding of the shareholders of both companies that the two would eventually merge.

Prior to the merger, all of the outstanding stock in Roto–Die was owned equally. Each of the three shareholders (appellant, Richard Rosemann and Thomas Rosemann) owned a one-third interest in Roto–Die, owning 5,000 shares each.

The merger discussions took place in the fall of 1990, with three meetings taking place on October 25, 1990, October 28, 1990, and November 4, 1990 respectively. Each of the three shareholders, including appellant, was an officer and director of Roto–Die during these meetings and attended the meetings without objecting to the lack of written notice of the time and purpose of the meetings. The November 4, 1990 meeting was originally scheduled for November 1, 1990, but appellant called and requested Roto–Die's attorney, Lon E. Mathews, to reschedule the meeting to November 4, 1990. Appellant attended this meeting without objection to the lack of written notice.

Oral summaries of the plan of merger were provided to all Roto–Die shareholders, including appellant, prior to, or at the November 4, 1990 meeting at which a vote on the merger was taken. At the November 4, 1990 meeting Tom Rosemann made a motion to approve the merger of Roto–Die and Micrometrics, with Roto–Die being the surviving corporation. Appellant and the other shareholders testified in deposition that appellant amended Tom Rosemann's motion to approve the merger by making the corporate resolution subject to Micrometrics approving the merger by a stated deadline. Appellant and the others also testified that appellant seconded the motion to approve the merger. The Roto–Die shareholders, including appellant, then voted unanimously in favor of the motion to approve the merger. Micrometrics also voted in favor of the merger by the stated deadline.

Roto–Die's attorney, Lon Mathews, transcribed his notes into the minutes of the

**2.** *See,* ITT Commercial Finance v. Mid–Am. Marine, 854 S.W.2d 371, 381 (Mo. banc 1993) for such phraseology.

November 4, 1990 meeting and titled them "Minutes of Special Meeting of Shareholders of Roto–Die Company, Inc." These minutes included the following transcription of the approved motion to approve the merger:

> After a motion made by Thomas J. Rosemann and seconded by Phillip L. Rosemann, the following resolution was unanimously adopted:
>
> Resolved, that Roto–Die Company, Inc. and Micrometrics, Inc. be merged with Roto–Die Company, Inc. being the surviving corporation, provided, however, that this resolution shall have no force or effect whatsoever after 12:00 Midnight Central Standard Time, on November 11, 1990, unless prior to that time and date the shareholders of Micrometrics Systems, Inc. approve of said merger.

Appellant testified that he did not object to this transcribed merger resolution. Just a few days after the November 4, 1990 meeting, appellant was notified by Lon Mathews that Micrometrics voted in favor of the merger.

On March 8, 1991, appellant ceased being an officer and director of Roto–Die because he chose not to vote himself onto the board of directors. On September 25, 1991, the agreement of merger was executed by the officers and directors, and the articles of merger were executed by the officers of the respective companies. Appellant, who was not a director or officer at this time, did not sign the agreement of merger or the articles of merger. The articles of merger were submitted to and approved by the Secretary of State on October 1, 1991.

When the merger closed, the shareholders of the newly merged Roto–Die owned all of its outstanding common stock as follows: Appellant–5,000 shares (26.14%), Richard Rosemann–5,000 shares (26.14%), Thomas Rosemann–5,000 shares (26.14%), and Melvin Stanley–4,127 shares (21.57%).

Appellant did not file or make any demand, written or otherwise, on Roto–Die for payment of the value of his shares. On January 23, 1992, appellant filed his petition for declaratory judgment.

■ Various appellate motions have been filed by both appellant and respondents and are taken with this appeal. Since our findings on these motions are dispositive on certain issues on appeal, we will address them at this time. Respondent Roto–Die has filed a motion to dismiss this appeal, or in the alternative, strike Points II, III, and IV of appellant's brief. Because Points II, III and IV attempt to appeal certain elements of a consent judgment entered on February 5, 1996, we lack jurisdiction to rule on them. A judgment entered by consent of the parties is not a judicial determination of rights but is a recital of an agreement and is not appealable. *St. Louis Airport Hilton v. Marriott Corp.,* 888 S.W.2d 752, 753 (Mo.App. E.D.1994). Appellant argues that the judgment was not a consent judgment but was one entered at the discretion and determination of the court. A review of the transcript, however, reveals that the judgment was read into the record by the parties and was to be entered by the court if the parties did not submit an alternative agreement by a certain date. When that date arrived and the parties did not submit an alternative agreement, the court, at the direction of the parties, entered the exact terms of the consent judgment that had been read into the record. The judgment, therefore, is a consent judgment and its terms are not appealable to this court. *Id.* As a result, we grant Roto–Die's Motion to Dismiss and hereby dismiss Points II, III and IV of appellant's brief.

■ Roto–Die has also filed a Motion to Dismiss the Appeal of Appellant Martin Veblen, Inc. Martin Veblen, Inc. is an entity of which appellant is a principal and who was added as a defendant in Roto–Die's counterclaim for accounting. The basis of Roto–Die's motion is that Martin Veblen, Inc. filed no brief and has, therefore, abandoned its appeal. In response, appellant has filed a Motion to Correct the Designation of the Brief of Appellant Phillip L. Rosemann to Be the Brief of Appellants Phillip L. Rosemann and Martin Veblen, Inc. Appellant claims that he intended, at all times, that his brief be the brief of both himself and Martin Veblen, Inc. Appellant's brief, however, denominates it as the "Brief of Appellant Phillip L. Rosemann" and his attorneys sign the brief

as "Attorneys for Phillip Rosemann." Throughout his brief, appellant refers to himself as "Plaintiff" in the singular and gives no indication that the brief is to include Martin Veblen, Inc.

Appellant claims further that respondents would not be prejudiced by the addition of Martin Veblen, Inc. as a party to his brief and appeal. This assertion is without merit as respondents have had no opportunity to reply to any subject matter concerning Martin Veblen, Inc. An appellant that does not file a brief on the issues pertaining to its appeal is deemed to have abandoned that appeal. *In re Estate of Welch,* 797 S.W.2d 742, 743 (Mo.App.1990). Although Martin Veblen, Inc. filed a notice of appeal, it neglected to submit a brief and cannot, under these circumstances, hitch onto appellant's brief. Accordingly, we grant Roto–Die's Motion to Dismiss Appeal of Martin Veblen, Inc. and deny appellant's motion to correct the designation of the brief of Phillip L. Rosemann to be the brief of both Phillip L. Rosemann and Martin Veblen, Inc.

In appellant's only viable point on appeal, he asserts that the trial court erred in sustaining respondents' joint motion for summary judgment. Our review of a summary judgment is essentially de novo. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371 (Mo. banc 1993). When reviewing the record, we will not only review it in the light most favorable to the non-moving party, but we will grant the non-movant all reasonable inferences, not deferring to the trial court's order. *Id.* Since the respondents were the moving party in this instance, they will be entitled to summary judgment if they have shown any one of the following three items: "1) facts that negate *any one* of the claimant's elements facts, 2) that the non-movant, after an adequate period of discovery, has not been able to produce evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or 3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly pleaded affirmative defense." *ITT,* 854 S.W.2d at 381.

With this standard in mind, we turn to the merits of appellant's point. Appellant claims that there exist genuine issues of material fact in his declaratory judgment action and that respondents were not entitled to judgment as a matter of law. Appellant asserts that respondents failed to comply with the statutory requirements for merger under §§ 351.410 and 351.420 RSMo 1994. As a result, appellant argues, he was unable to, and not required to, comply with the requirements for a dissenting shareholder to recover the value of his shares under § 351.455.

We must first address respondents' alleged non-compliance with §§ 351.410 and 351.420. Section 351.410 states, in part, that "The board of directors of each corporation shall approve a plan of merger and direct the submission of the plan to a vote at a meeting of shareholders." Section 351.420 provides that each shareholder shall receive written notice of the meeting described in § 351.410, stating the purpose of the meeting. Section 351.420 further states that each shareholder shall receive a copy or summary of the plan of merger. Appellant claims that, because respondents did not comply with these merger requirements, he was unable to, and not required to, comply with § 351.455. Appellant apparently requests this court to overlook the fact that, at the time he was a member of the board of directors of Roto–Die, he voted in favor of the merger and attended each of the meetings at which the plan of merger was discussed. In fact, appellant himself rescheduled the November 1, 1990 meeting to November 4, 1990, the meeting at which he voted in favor of the merger. Sections 351.410 and 351.420 operate to protect shareholders' rights and not those of shareholder-directors who are very much apprised of the details of the plan of merger and vote in favor of the merger. All four of the shareholders of Roto–Die were represented at the three meetings in 1990 and all voted in favor of the merger at the November 4, 1990 meeting. Appellant attempts to persuade this court that the November 4, 1990 meeting did not operate as a vote in favor of the merger, but merely as more discussion on a future merger to be approved by a later vote. After a thorough review of

the record, however, we find that there is no genuine issue of material fact in dispute regarding the conclusion that appellant voted in favor of the merger at the November 4, 1990 meeting and that all shareholders were represented at this meeting. As a result, any violations of §§ 351.410 and 351.420 committed by Roto–Die were approved and ratified by appellant as a member of its board of directors. Any such violations are, therefore, immaterial as to whether or not appellant may avail himself of the rights afforded under § 351.455.

Section 351.455 describes when a shareholder who objects to a merger may demand the value of his shares. The statute places limitations on this remedy and states, in pertinent part, that a shareholder may demand the value of his shares as follows:

> If a shareholder of a corporation which is a party to a merger or consolidation shall file with such corporation, prior to or at the meeting of shareholders at which the plan of merger or consolidation is submitted to a vote, a written objection to such plan of merger or consolidation, *and shall not vote in favor thereof,* and such shareholder, within twenty days after the merger or consolidation is effected, shall make written demand on the surviving or new corporation for payment of the fair value of his shares as of the day prior to the date on which the vote was taken approving the merger or consolidation, the surviving or new corporation shall pay to such shareholder, upon surrender of his certificate or certificates representing said shares, the fair value of thereof ... Any shareholder failing to make demand within the twenty day period shall be conclusively presumed to have consented to the merger or consolidation and shall be bound by the terms thereof. (emphasis added).

§ 351.455.1

In order for appellant to qualify as a dissenting shareholder under § 351.455, he needed to vote against the merger at the November 4, 1990 meeting and make a written demand on Roto–Die within twenty days of the date the merger was effected. As we have stated, we find no genuine issue of material fact in dispute as to the conclusion that appellant

voted in favor of the merger at the November 4, 1990 meeting. As a result, appellant does not qualify as a dissenting shareholder under § 351.455 and cannot avail himself of the protections afforded thereunder.

Accordingly, we find that the circuit court did not err in sustaining respondents' Joint Motion for Summary Judgment as respondent has presented facts which negate one of appellant's element facts by presenting conclusive evidence that appellant voted in favor of the merger. *ITT,* 854 S.W.2d at 381. Appellant's first point is, therefore, denied. The remainder of his appeal is dismissed.

Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.