John R. WEBER, Plaintiff–Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Labor and Industrial Relations Commission of Missouri, and Country Flame, Inc., Defendants–Respondents.

No. 21396.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 3, 1997.

J. Gregory Powell, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Plaintiff–Appellant.

John B. Keller, II, Cynthia A. Quetsch, Jefferson City, for Defendants–Respondents.

GARRISON, Presiding Judge.

John R. Weber ("Claimant") applied for unemployment benefits after his job at Country Flame was terminated. The Appeals Tribunal of the Division of Employment Security determined that he was not eligible for such benefits. Claimant then appealed to the Labor and Industrial Relations Commission (the "Commission"), which denied his application for review because it had not been timely filed.[1] The circuit court affirmed the Commission. Claimant appeals. We dismiss his appeal for lack of jurisdiction.

In an unemployment compensation case, a party has fifteen days in which to file an application to have the decision of the Appeals Tribunal reviewed by the Commission.

---

1. The Commission's Order read:
   "The Application for Review is denied pursuant to Section 288.200, RSMo 1986, because it was neither postmarked nor received within the fifteen (15) days of the date of mailing of the decision of the Appeals Tribunal and, therefore, was not timely filed."

§ 288.200.1 RSMo. In this case, the Appeals Tribunal issued and mailed its decision on June 2, 1993. Claimant filed his application for review by the Commission on June 21, 1993, nineteen days later.

■ In arguing that his application for review was timely, Claimant relies on the following language of § 288.200.1:

If an application for review [by the commission] is denied, the decision of the appeals tribunal shall be deemed to be the decision of the commission for the purpose of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to decisions of the commission except that the time limitations shall run from the date of notice of the order of the commission denying the application for review.

He argues that because the Commission's Order states that his application was "denied" rather than "dismissed," it effectively constituted the adoption by the Commission of the decision of the Appeals Tribunal, and commenced the time limitation for seeking judicial review. This interpretation of § 288.200.1, however, would effectively make the fifteen day requirement for filing an application for review meaningless by permitting a judicial review even if the application for review by the Commission was not timely filed.

■ The timely filing of an application for review in an administrative case is jurisdictional; the failure to comply with the statutory time limit for appeal results in a lapse of jurisdiction and the loss of the right to appeal. *Community Fed. Sav. & Loan Ass'n. v. Dir. of Revenue*, 752 S.W.2d 794, 799 (Mo. banc), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 221 (1988). The failure to file a timely appeal divests both the Commission and circuit court of jurisdiction in the case. *Fayette No. 1, Inc. v. Missouri Dep't. of Soc. Servs.*, 853 S.W.2d 393, 396 (Mo.App. W.D.1993). Because this court's jurisdiction is derived from that of the trial court, we, too, are divested of jurisdiction is such a situation. *Cullen v. Dir. of Revenue*, 804 S.W.2d 749, 750 (Mo. banc 1991); *Vaughn v. City of St.Louis Dep't. of Health & Hosps.*, 878 S.W.2d 852, 853 (Mo.App. E.D.1994).

In this case, Claimant's failure to file a timely appeal deprived the Commission of jurisdiction in the matter. We are similarly deprived.

The appeal is dismissed.

PREWITT and CROW, JJ., concur.