Stephen THORNTON, Petitioner–
Respondent,

v.

EMPIRE BANK, Respondent–Appellant.

No. 21807.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 24, 1997.

Thomas A. Vetter, Matthew A. Clement, of Cook, Vetter, Doerhoff, & Landwehr, P.C., Jefferson City, for Appellant.

W. Craig Hosmer, of William H. McDonald & Associates, Springfield, for Respondent.

PREWITT, Judge.

This proceeding was initiated pursuant to Section 362.730, RSMo 1994, whereby "[w]ithin sixty days after the taking effect of the merger or consolidation," a "dissenting stockholder" of a bank or trust company may seek an evaluation of the value of his stock and be paid that by "the receiving bank or trust company" upon surrender of his stock. *See* Section 362.750, RSMo 1994.

Petitioner owned 982 shares of stock of Webster County Bank. Respondent–Appellant and Webster County Bank merged, effective November 18, 1995. Following the filing of his petition, Petitioner's stock was evaluated and judgment entered, pursuant to §§ 362.730–.760. Respondent–Appellant contends that the trial court should not have allowed interest from the date of the merger.

"It is elementary that this court has the duty to inquire into its jurisdiction of an appeal, whether or not the parties have done so." *Green v. Woodard,* 588 S.W.2d 522, 524 (Mo.App.1979). "This court can acquire no jurisdiction from a void judgment or order except jurisdiction to determine the invalidity of the order or judgment appealed from and to dismiss the appeal." *Id.*

Section 362.730 allows a stockholder "not voting in favor of the agreement to merge or consolidate," sixty days after the merger or consolidation takes effect, in which to request such an evaluation by filing a petition in the circuit court of the county where the principal place of business of the receiving corporation or consolidating corporation exists. By setting forth the time for filing, "the legislature intended to impose a sixty-day limitation period upon the remedy outlined in the statute." *Boggs v. Farmers State Bank,* 846 S.W.2d 233, 235–36 (Mo.App.1993). A shareholder who does not do so "within the time herein prescribed shall be conclusively presumed to have assented to the merger or consolidation and shall be bound thereby as fully and as firmly as if he had voted therefor." Section 362.730.1(3).

As stated in the parties' briefs, the petition, and the judgment, the effective date of the merger was Saturday, November 18, 1995. Therefore, to be within sixty days of the merger, the petition had to have been filed on or before Wednesday, January 17, 1996. *See* Rule 44.01(a); *Lamastus v. Lamastus,* 886 S.W.2d 721, 724 (Mo.App.1994). Unfortunately, it was filed the next day. This was reflected in the parties' briefs. As we could not tell with absolute clarity the date the petition was filed from the file stamp on the copy in the record presented here by Appellant, we had further portions of the record brought before us. They conclusively establish that the petition was not timely filed. Reluctantly, we have no choice but to declare that the proceedings, the court orders, including the "partial judgment," and the judgment entered June 23, 1997, in the trial court are nullities and must also dismiss this appeal.

■ "[A] court of general jurisdiction, when engaged in the exercise of a special statutory power, is confined strictly to the authority given by the statute, and a court of general jurisdiction, when exercising a special statutory power, is a court of limited jurisdiction." *State ex rel. Kansas City v. Public Service Comm'n,* 362 Mo. 786, 244 S.W.2d 110, 115 (1951). "When a court of general jurisdiction is engaged in an exercise of a special statutory power, that court's jurisdiction is limited by that statutory power." *Richard v. Director of Revenue,* 869 S.W.2d 913, 914 (Mo.App.1994).

■ Where the legislature provides the court and the time in which relief can be sought, failure to timely comply is jurisdictional. *Lewis v. Director of Revenue,* 916 S.W.2d 856, 858 (Mo.App.1996). Jurisdiction in that situation cannot be conferred by con-

sent, stipulation, waiver, or even confession of judgment. *Klinedinst v. Director of Revenue,* 883 S.W.2d 556, 557 (Mo.App.1994); *Richard,* 869 S.W.2d at 914.

■ By not timely requesting the evaluation, under Section 362.730.1(3), Petitioner is "conclusively presumed to have assented to the merger ... as if he had voted therefor." Having thus, by law, been "conclusively presumed" to have agreed to the merger, Petitioner cannot ask the courts to change the result and the effect of Section 362.730. The special statute here limits the time within the courts have jurisdiction to proceed under it. If courts could thereafter legally proceed, they would be acting directly contrary to the express provisions of that statute.

As the trial court had no jurisdiction to proceed, the appeal is dismissed, and the cause remanded to the trial court, and it is directed to set aside all proceedings and orders and its judgment therein, and to dismiss the petition.

GARRISON, P.J., concurs.

CROW, J., files separate opinion concurring in result.

CROW, Judge, concurring.

I concur in the principal opinion's conclusion that the trial court had no jurisdiction to proceed on the petition. I likewise concur in the principal opinion's directive to the trial court to set aside its judgment and dismiss the petition.

However, the principal opinion contains another ruling; the principal opinion dismisses the appeal. To me, it is anomalous to dismiss an appeal and simultaneously direct a trial court to set aside a judgment and dismiss an action.

Generally, when an appeal is dismissed, the trial court's judgment remains intact. That is because appeals are generally dismissed because the notice of appeal was untimely, or the judgment is unappealable, or the appellant failed to perfect the appeal by filing the record or a brief. In such circumstances, the appellate court does not examine the result reached by the trial court. The effect of the dismissal of the appeal is to leave the trial court's adjudication undisturbed, just as it would have been had the appeal never been taken.

That is not the outcome here. The appeal is dismissed, yet the trial court is simultaneously directed to set aside its judgment and dismiss the petition.

In *Weber v. Division of Employment Security,* 950 S.W.2d 686 (Mo.App.S.D.1997), I concurred in an opinion which appears, at first glance, to dispose of an appeal in a manner identical to the disposition here. However, there is a significant difference between *Weber* and the instant case.

In *Weber,* the trial court affirmed a decision of the Labor and Industrial Relations Commission denying an application for review in an employment security dispute because the application was not timely filed. *Id.* at 686. On appeal, this court held the Commission and the trial court lacked jurisdiction over the dispute because of the untimely application for review. *Id.* at 687. This court further held that because its jurisdiction is derived from that of the trial court, this court was likewise without jurisdiction. *Id.* Consequently, this court dismissed the appeal.

The difference between *Weber* and the instant case is that in *Weber,* the trial court held it had no jurisdiction. That ruling was correct, hence dismissal of the appeal left the trial court's correct ruling intact.

Here, dismissal of the appeal, absent any other directive by this court, would leave the trial court's erroneous judgment intact. Conceptually, I believe the correct disposition in the instant case is not to dismiss the appeal, but instead to hold that this court has jurisdiction to determine that the trial court had no jurisdiction to proceed on the petition, and then to proceed, as the principal opinion does, to remand the case with a directive to set aside the judgment and dismiss the petition.