**Ray WESTHOUSE, Appellant,**

v.

**John RAY, et al., Respondent.**

**No. ED 86653.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Sept. 12, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 2006.

Application for Transfer Denied
Dec. 19, 2006.

1. Statutory references are to RSMo. (2000) or the 2006 Cumulative Supplement, unless otherwise indicated

Cynthia M. Davenport, Troy, MO, for appellant.

Joshua E. Douglass, Bowling Green, MO, for respondent.

ROY L. RICHTER, Judge.

Ray Westhouse ("Westhouse") appeals the judgment of the Circuit Court of Lincoln County, Missouri which denied his Motion for Summary Judgment in a Quiet Title action and granted the Motion for Summary Judgment in favor of Kizziah Crumes Allen ("Allen") on her cross-petition to Quiet Title in the disputed real estate (hereinafter referred to as "Lot 7"). We affirm in part and remand with directions.

## FACTS

On August 9, 1920, the real estate which is the subject of this suit was conveyed to John Ray by General Warranty Deed.

John Ray died intestate in 1940, survived only by his daughter, Alsenia Ray Crumes. Alsenia Ray Crumes died intestate in 1967, survived only by her daughter, Kizziah Crumes Allen. By virtue of intestate succession, Kizziah Crumes Allen inherited Lot 7.

In 1980, Allen received a tax bill for Lots 5–7 of Bayse Estate. The bill indicated 9.12 acres and taxes of $28.98.

In 1982, Allen received a tax bill for Lots 5 and 6 of Bayse Estate. The bill again indicated 9.12 acres and taxes of $28.82.

In 1983, Allen received a tax bill for Lots 5–7 of Bayse Estate. The bill once

again indicated 9.12 acres and taxes of $24.12.

In 1984, Allen received a tax bill for Lots 5–7 of Bayse Estate. The bill indicated 9.12 acres and taxes of $21.00

In 1985, Lincoln County underwent re-mapping and the format of the tax bills changed significantly. The 1985 tax bill was for Lot 5 only. The bill indicated 5.26 acres and taxes of $32.39.

In 1986, Allen provided the Assessor's Office with a new address.

Between 1985 and 1992, Lot 7 was not included on the tax bill sent to Allen.

In 1993, the Lincoln County Assessor discovered that Lot 7 was not being billed.

The tax bills for 1993, 1994 and 1995 were not mailed to the address Allen had provided to the Assessor.

The Lincoln County Assessor caused a notice to be published in the newspaper, and on August 27, 1996, the Assessor sold Lot 7 to Westhouse for $310.00 (there being $151.61 owed in unpaid taxes).

On October 1, 1998, a Collector's Deed for Taxes was issued to Westhouse for Lot 7.

On May 27, 2004, Allen mailed a letter to the Collector informing him of the error and offering to pay all back taxes due on Lot 7.

On October 21, 2003, Westhouse filed a Petition to Quiet Title to Lot 7.

Allen filed an answer and eventually filed a First Amended Counterclaim wherein Count One was her own Quiet Title action.

■ Westhouse's first point relied on alleges that the tax sale remains valid even if a taxpayer did not receive a tax bill. The facts in *Brewen v. Leachman,* 657 S.W.2d 698 (Mo.App. E.D.1983) are quite similar to the case at bar. In *Brewen,* the Collector separated the property owners' land into three separate bills and mailed only one of the three, finding the other two bills were "non-mailable". The property owner received a single bill and paid it, assuming that the bill received was for the entire property.

"The separation of plaintiff's real estate into three distinct parcels by officials of St. Louis County government was beyond plaintiff's control, knowledge, or reasonable suspicion. The coding of two of the parcels for computer purposes as "non-mailable" in spite of the sequential numbering with the "mailable" parcel was a blunder that could not be explained by representatives of the Collector's office. A portion of the opinion in *Harness v. Cravens, supra,* which was quoted in Rottjakob, supra, 400, is particularly apposite here: "I for one will never say that this old man is to be robbed of his land through the neglects and blunders of the state's chosen agents. Others are bound by the acts and blunders of their agents, and I know of neither rule nor reason which prevents the state from being likewise bound in similar circumstances". So it should be here."

The affidavit of the Lincoln County Collector demonstrates the "neglects and blunders of the state's chosen agents". The Collector acknowledges that no tax bill for Lot 7 (3 acres) was sent from 1985 to 1992. The Collector also acknowledges receiving a change of address for Kizziah Crumes Allen; the record is silent as to whether there are two persons named Kizziah Crumes Allen in Lincoln County which might have confused the Collector. The Collector sent the tax bills for 1993, 1994 and 1995 to the "old" address for Allen—not the current address she had provided to the Collector. Point denied.

■ In his second point, Westhouse alleges error in failing to apply the doctrine of laches.

> "Laches requires that a party with knowledge of facts that give rise to his or her rights unreasonably delays asserting those rights for an excessive period of time and the other party suffers legal detriment due to the delay. *Nahn v. Soffer*, 824 S.W.2d 442, 444–45 (Mo. App. E.D.1991). If the doctrine of laches applies in a particular case depends on the length of delay, the reasons for the delay, how the delay affected the other party, and the overall fairness in permitting the assertion of the claim. *Id.*" *Hart v. Kupper Parker Communications*, 114 S.W.3d 342 (Mo.App. E.D. 2003)

Here, Allen did not have knowledge of the facts, did not unreasonably delay asserting her rights, and Westhouse suffered no severe detriment. The overall fairness of the issues is with Allen. Point denied.

■ The third point raised by Westhouse is the trial court's failure to determine the amount due him. The last full paragraph of the trial court's judgment states:

> "Kizziah Crumes Allen shall reimburse Plaintiff such sums as are due him for payment of taxes during his period of possession of the property along with interest at ten (10%) percent. Said sum to be calculated by the Lincoln County Collector's office."

Section 140.600 is clear:

> 3. All courts before which any such action may be brought or maintained shall, if the judgment in such action be adverse to the defendant, or defendants therein, and the recovery of such land, or any interest therein, be adjudged or decreed, find and adjudge by its decree or judgment the amount of money due to the defendant, or to other persons, on account of taxes or interest thereon paid as aforesaid by defendant or his grantors as aforesaid, and all such courts may, if such relief be prayed for in the answer, or the other pleading of the defendant, or other person, entitled to reimbursement, adjudge and decree that the amount so found by the court, or a jury, shall be and constitute a lien upon the lands recovered or in controversy.

We remand to the trial court to determine the amounts owed. *See Braun v. Petty*, 129 S.W.3d 449 (Mo.App. E.D.2004)

The judgment is affirmed as to its determination of title, but is reversed and remanded for the court to determine the amount due to Westhouse for the taxes and interest paid on the property.

GLENN A. NORTON, C.J., Concurs.

CLIFFORD H. AHRENS, J., Concurs in Result.