**HOUSEHOLD FINANCE CORPORATION III, Respondent,**

v.

**Willie M. JENKINS, Appellant.**

**No. ED 88143.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 30, 2007.

W. Bevis Schock, Garrett C. Collier, St. Louis, MO, for appellant.

Elizabeth C. Burke, Todd W. Ruskamp, Kansas City, MO, Scott M. McKinnis, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Willie Jenkins ("Mr.Jenkins") appeals a judgment in the in the Circuit Court of St. Louis County denying his Rule 74.06(b)(4)[1] motion to set aside a consent judgment entered November 5, 2001. We dismiss this case as a collateral attack on the consent judgment.

### Factual and Procedural Background

In September 1994, Appellant and his wife ("Mrs.Jenkins") entered into an agreement with Household Finance Corporation III ("Household Finance") for a $5,000.00 line of credit. The interest on the line of credit was "one-twelfth the sum of the Prime Rate plus 10.9000 percentage points." Mr. and Mrs. Jenkins divorced in 2000. In the divorce decree, the court ordered wife to assume the Household Finance loan. Mr. and Mrs. Jenkins defaulted on the loan. Household Finance sued Mr. and Mrs. Jenkins for breach of contract, requesting the principal and interest due with an interest rate 20.40% per annum.

On November 5, 2001, a default judgment was entered against Mrs. Jenkins. At the same proceeding, Mr. Jenkins entered into a consent judgment, agreeing to pay $8,434.31 bearing interest at 20.40% per annum. Execution on the judgment was stayed so long as Mr. Jenkins paid $150.00 per month. The judgment was signed by Mr. Jenkins, his attorney, Household Finance's attorney and the judge.

Mrs. Jenkins filed for bankruptcy and was discharged in March 2003. Mr. Jenkins made few monthly payments and Household garnished his wages.

On February 14, 2006, Mr. Jenkins filed a motion under Rule 74.06(b)(4) to set

---

1. All rule references are to Mo. Rules Civ. P.2000 unless otherwise indicated.

aside the consent judgment, claiming that the consent judgment was void in that the trial court lacked jurisdiction to enter the judgment with that interest rate. The motion court denied the motion and Mr. Jenkins appealed. On appeal, Mr. Jenkins argued that the motion court erred in denying his motion because the consent judgment was void. Household Finance filed a Motion to Dismiss Appeal, claiming that Mr. Jenkins' appeal of the Rule 74.06(b)(4) motion was "an impermissible attempt to appeal the earlier agreed-upon consent judgment." [2]

### *Discussion*

■ In his sole point relied on, Mr. Jenkins argues that the motion court erred in denying his motion to set aside the November 5, 2001, judgment because the judgment is void. More specifically, Mr. Jenkins argues that the trial court had no jurisdiction to enter the November 5, 2001, judgment because the judgment sets an invalid interest rate. Mr. Jenkins argues that because Section 408.040 [3] requires that the judgment interest rate be the same as the contract rate, which was "one-twelfth the sum of the Prime Rate plus 10.9000 percentage points," but the consent judgment provided for an interest rate of 20.40% per annum, the interest rate in the consent judgment violates the statute. Mr. Jenkins further argues that the judgment would also have been invalid if the judgment had provided for the same interest rate as was in the contract, because "an indefinite judgment that requires some external proof or another hearing for execution is void and unenforceable."

■ A consent judgment is not a judicial determination of rights, but it is an agreement of the parties and is not appealable. *Nations v. Hoff,* 78 S.W.3d 222, 223 (Mo.App. E.D.2002). A consent judgment is contractual in nature. *Hart,* 41 S.W.3d at 510. It should be accorded the same force as other judgments. *Moore v. Beck,* 664 S.W.2d 15, 18 (Mo.App. S.D.1984). The general principles in regard to collateral attacks upon judgments apply to consent judgments. *Id.* Consent judgments are conclusive of matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds. *Id.*

■ The essential bases of a court's authority to adjudicate a controversy are its jurisdiction over the subject matter of the controversy and jurisdiction over the parties. *In re Marriage of Hendrix,* 183 S.W.3d 582, 587–88 (Mo. banc 2006). The Supreme Court recognizes that in certain narrow circumstances, a party may question the authority or jurisdictional competence of a court to "render the particular judgment in the particular case." *Id.* Citing *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 21 (Mo. banc 2003). Mr. Jenkins concedes that the court had personal jurisdiction and authority to hear the contract case. Mr. Jenkins argues that this case falls under the narrow exception recognized in *Hendrix* that a court may lack jurisdiction to "render the particular judgment in the particular case" because the prayer for relief and judgment provide for an "unlawful" interest rate.

In *Hendrix,* the appellant claimed that a modification of custody was void for lack of jurisdiction because the court failed to follow all procedures set out in relevant stat-

---

**2.** Because we dismiss this case on other grounds, Household Finance's Motion to Dismiss Appeal, taken with the case, is rendered moot.

**3.** All statutory references are to RSMo.2000 unless otherwise indicated.

utes. *Id.* at 590. The Supreme Court stated:

> The tendency to call matters "jurisdictional" that are really only assertions of legal error greatly confuses the notion of jurisdiction in civil cases. It can also create the potential for great mischief because calling legal errors "jurisdictional" could be used years later to void settled judgments.

*Hendrix,* 183 S.W.3d at 590. The court further stated that the label "jurisdictional defect" is seldom appropriate outside the context of lack of jurisdiction of the subject matter or of the person. *Id.* The court concluded that having obtained jurisdiction of the subject matter and the parties and having entered a judgment on the particular claims raised by the pleadings, at a time when statutory prerequisites to filing suit had been fulfilled, a court has jurisdiction to decide the case. *Id.*

This case does not fall into the limited exception explained in *Hendrix.* The *Hendrix* court applied the exception in two types of cases: cases in which the relevant statutes required the plaintiff to seek administrative remedies that had not been utilized and cases in which the court proceeded beyond the allegations of the pleadings and prayer for relief. *Hendrix,* 183 S.W.3d at 588–89. Indeed the court specifically rejected the appellant's argument that the motion court lacked jurisdiction for failing to follow relevant statutes, finding "such errors would not deprive the court of ... jurisdiction, nor would they affect the power of the court to render a particular judgment in the particular case." *Id.* at 590. Here, Mr. Jenkins' argument is essentially the same; the court did not have jurisdiction because it applied an allegedly inapplicable interest rate. This alleged legal error did not deprive the court of jurisdiction, and thus, Mr. Jenkins' attempt to set aside the judg-

ment through Rule 74.06(b)(4) was an illegal collateral attack on a valid consent judgment. The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., concur.