John CHASNOFF,
Plaintiff/Appellant/Cross–Respondent,

v.

BOARD OF POLICE
COMMISSIONERS,
Defendant,

and

Wendell Ishmon, Thomas Kranz, Phillip
Menendez, Joseph Somogye, and John
Doe 1–30, Intervenors/Respondents/Cross–Appellants.

Nos. ED 95050, ED 95204.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 2011.

Anthony E. Rothert, Grant R. Doty, American Civil Liberties Union of Eastern Missouri, St. Louis, MO, for appellant.

Mark Lawson, Priscilla Gunn, St. Louis, MO, for defendant.

Mary L. Bruntrager, Neil J. Bruntrager, Bruntrager & Billings, P.C., St. Louis, MO, James P. Towey, Chesterfield, MO, for respondents.

Jean Maneke, The Maneke Law Group, L.C., Kansas City, MO, Joseph E. Martineau, Lewis, Rice & Fintersh, L.C., St. Louis, MO, for Amicus Curiae.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff appeals that part of the trial court's judgment allowing intervenors to intervene in the underlying lawsuit solely for the purpose of appealing the trial court's entry of summary judgment in plaintiff's favor. Intervenors cross-appeal, seeking reversal of the summary judgment ordering production of the documents. We reverse that part of the judgment allowing intervenors to intervene and dismiss their appeal. However, we order the trial court's stay order to remain in effect.

## PROCEDURAL BACKGROUND

Plaintiff, John Chasnoff, filed a lawsuit which, as finally amended, sought injunctive relief under the Sunshine Law, sections 610.100.1 and 610.100.2 RSMo (Cum. Supp.2006),[1] against defendant, the St. Louis Metropolitan Police Board of Police Commissioners (the Board). Plaintiff alleged that in early November 2006, the St. Louis Metropolitan Police Department (MPD) received a complaint from a citizen that the citizen's confiscated St. Louis Cardinals baseball tickets were improperly used during the 2006 World Series and that the MPD's Internal Affairs Division

---

1. All further statutory references are to RSMo (Cum.Supp.2006) unless otherwise indicated.

(IAD) investigated police officers as a result of this complaint. He further alleged that he sought, but was not provided, "the full documentation of the Internal Affairs investigations" related to this matter. He specifically prayed for an injunction prohibiting the Board from withholding the incident report and the investigative report of this matter.

The parties subsequently filed cross-motions for summary judgment. The trial court entered partial summary judgment in plaintiff's favor on January 2, 2009. It ordered the Board to disclose to plaintiff the citizen's complaint because it was an "incident report" within the meaning of section 610.100.1(4). The trial court ordered a hearing to determine whether and to what extent the investigative reports connected with the IAD investigation of the citizen's complaint were required to be disclosed pursuant to section 610.100.1(5).

On December 11, 2009, the trial court entered an order, which it denominated as a "judgment," in plaintiff's favor. This order compelled the Board to provide plaintiff the full investigative report of the IAD arising from the citizen's complaint. On January 11, 2010, the Board filed a post-judgment motion to amend the December 11 order and vacate the findings of fact and conclusions of law or, in the alternative, for a new trial. It alleged that the IAD's investigation had separate criminal and administrative files, and the administrative file pertained to internal discipline of police officers. It sought to amend the judgment to declare that the Board was not required to produce the IAD administrative file because it was a closed record in that it was a file related to internal police officer discipline and contained *Garrity*[2] statements, which the Board was not allowed to disclose to prosecutors. It

requested an evidentiary hearing on the facts raised in the supporting affidavits.

The court held an evidentiary hearing on the motion, after which it vacated the December 11 order and entered an "amended judgment" in plaintiff's favor dated April 12, 2010, 2010 WL 3073736. The "amended judgment" again compelled the Board to provide plaintiff the full investigative report of the IAD arising from the citizen's complaint. On May 6, 2010, 2010 WL 3073737, the trial court granted plaintiff's motion for attorney's fees and for the assessment of a civil penalty. This order disposed of all existing claims and parties, but it was not denominated as a judgment or decree.

On May 24, 2010, intervenors filed a motion in the trial court for leave to intervene for the purpose of appealing the judgment. The grounds for the motion were that intervenors claimed an "interest relating to the property which is the subject of this action" and that they were "so situated that the disposition of the action may as a practical matter impair or impede" their ability to protect that interest and that their interest relating to the property was not adequately represented by existing parties to the action. The intervenors filed affidavits alleging that they had privacy rights and property interests in their statements, that these interests had not been adequately represented by the Board, and that the disclosure of those statements would cause irreparable harm.

The trial court held a hearing on the motion to intervene on June 4, 2010. On June 7, 2010, the trial court granted the motion to intervene "for the sole purpose of appealing the Court's final judgment in this case." The trial court found that "[t]he police officers who ask to intervene in this case have shown that they have an

---

**2.** *Garrity v. New Jersey,* 385 U.S. 493, 87 S.Ct.   616, 17 L.Ed.2d 562 (1967).

interest in some of the records in the investigative file which is a main part of the subject matter of this case." The order referenced the affidavits in which the four named police officers each asserted that they gave compelled statements to the IAD in connection with the investigation. It found that this interest was sufficient to meet the requirement. In its order, the trial court recited that at the June 4 hearing, the attorney for the Board represented that the Board did not have standing to raise the privacy concerns of individual police officers to the trial court or on appeal. It also recited that the attorney for the Board had advised the court that the Board did not intend at that point to appeal the court's ruling requiring release of the full contents of the investigative file and that the Board intended to turn over the records making up the investigative file when the court canceled its current stay order.

On the same day, the trial court entered what it denominated a "second amended judgment." It concluded that the May 6, 2010 order was not a final judgment because it had not denoted it as a judgment or decree as required by Rule 74.01(a). The second amended judgment incorporated the following: the order granting intervention, the May 6, 2010 order granting plaintiff's motion for attorney's fees, and the April 12, 2010 "amended judgment."

On July 14, 2010, after an *in camera* review, the trial court entered an Amended Stay Order staying disclosure of fifty-nine items identified in a log. The court ordered the log to be kept under seal and the stay order to "remain in full force and effect until further order of this Court or any other Court of competent jurisdiction."

Plaintiff and intervenors appeal. The Board did not file a notice of appeal.

## PLAINTIFF'S APPEAL

For his sole point on appeal, plaintiff contends that the trial court erroneously granted the motion to intervene because the motion was untimely, and the officers' interests had been adequately represented by the Board.

An applicant seeking intervention as of right under Rule 52.12(a) must show three elements: (1) an interest relating to the property or transaction that is the subject of the action; (2) the applicant's ability to protect that interest is impaired; and (3) the existing parties are inadequately representing the applicant's interest. *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 127 (Mo. banc 2000). "An interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment." *Id.* at 128.

However, as a threshold matter, we must first determine if intervenors' proposed appeal presents a justiciable issue in this court. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001); *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999); *see, e.g., Nixon*, 34 S.W.3d at 128–29. A question is "justiciable only where the judgment will declare a fixed legal right and accomplish a useful purpose." *County Court of Washington County v. Murphy*, 658 S.W.2d 14, 16 (Mo. banc 1983) (quoting *State v. Thatch*, 359 Mo. 122, 221 S.W.2d 172, 176 (Mo. banc 1949)). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then[-]existing controversy." *Precision Investments, L.L.C. v. Cornerstone Propane*, 220 S.W.3d

301, 304 (Mo. banc 2007). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Reed*, 41 S.W.3d at 473 (quoting *Armstrong*, 990 S.W.2d at 64). This is because appellate courts do not render advisory opinions or decide non-existent issues. *Armstrong*, 990 S.W.2d at 64.

Intervenors seek to appeal from the order, entered pursuant to section 610.021, requiring the Board to disclose records in its investigative report. The relevant provisions of section 610.021 are:

> Except to the extent disclosure is otherwise required by law, a public governmental body is authorized to close meetings, records and votes, to the extent they relate to the following:
>
> \*       \*       \*
>
> (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded....
>
> \*       \*       \*
>
> **"[p]ersonal information"** means information relating to the performance or merit of individual employees;
>
> \*       \*       \*
>
> (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment,....

Section 610.021 is "permissive," because it describes records that *may* be closed. *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 414 (Mo. banc 2001). Nothing in section 610.021 mandates the closure of records. To the contrary, section 610.022.4 provides:

> 4. Nothing in sections 610.010 to 610.028 shall be construed as to require a public governmental body to hold a closed meeting, record or vote to discuss or act upon any matter.

In this case, plaintiff sought an order compelling the Board to disclose the records under the Sunshine Law. The issue was whether, given the Board's original decision not to disclose the records, the court could order the Board to disclose them. However, the Sunshine Law does not prohibit the Board from disclosing the records. The Board has always had the authority and discretion to disclose the documents under the Sunshine Law. It has announced its intention to comply with the trial court order and disclose the files, and it has, in fact, not filed an appeal from that order. As a result, the dispute between the Board and plaintiff is now moot.

■ Against this background, we consider intervenors' proposed appeal. Because a party may not present issues on appeal that were not presented to and decided by the trial court,[3] intervenors' proposed appeal would be confined to the question resolved by the trial court—that is, whether the documents sought by plaintiff were required to be disclosed under the Sunshine Law, or whether they were "personal information" or personnel records that the Board was authorized to close. A hypothetical reversal on this issue would not have any practical effect on intervenors' claims that such documents could not be disclosed, because such a reversal could not compel the Board to close records that it is not required to close under sections 610.021 and 610.022.4. Accordingly, the issues raised by such an appeal would not be justiciable because a

---

**3.** Issues not raised in the trial court opposing a motion for summary judgment may not be raised on appeal from that judgment. *D.E.*

*Properties v. Food for Less*, 859 S.W.2d 197, 201 (Mo.App.1993).

reversal would not accomplish any useful purpose.

In their motion to intervene, intervenors alleged that they sought to assert on appeal their personal privacy and property interests in the documents sought to be disclosed. A party's claim that a government agency is required to close records is not a claim under the Sunshine Law, which specifically prohibits such claims. Section 610.022.4. Rather, it is an independent action that must be based on the assertion of rights under a different statute or constitutional provision. *See* 20A Mo. Prac. Administrative Practice & Procedure § 15:9, 583 n. 7 (4th ed.2006). Thus, intervenors' claim that they have privacy and property rights in records held by the Board that mandate closure of those records would be an independent cause of action against the Board to keep it from disclosing the records. *See, e.g., American Family Mut. Ins. v. Missouri Dept.,* 169 S.W.3d 905 (Mo.App.2005).

Intervenors' claim that their privacy and property interests in records held by the Board mandate closure of those records was not before the trial court. For intervenors to base an appeal in this case on a violation of their personal privacy and property interests, they would have had to have asserted and adjudicated these claims against the Board in the trial court. *Zundel v. Bommarito,* 778 S.W.2d 954, 957 (Mo.App.1989). They did not do so, and they therefore cannot raise that as an issue on appeal from the underlying case in this court.

The trial court erred in granting intervenors' motion to intervene for the purpose of appeal because the Sunshine Law issue in intervenors' proposed appeal was no longer justiciable, and the proposed appeal could not litigate rights based on intervenors' privacy and property claims that were never before the trial court. Point one of plaintiff's appeal is granted.

## INTERVENORS' CROSS–APPEAL

Because we are reversing the order allowing intervention, the cross-appeal must be dismissed.

## STAY ORDER

Although intervenors may not intervene for purposes of appeal, intervenors' independent cause of action, which has never been filed or litigated in a trial court, is not foreclosed. Intervenors would be irreparably harmed if the records were disclosed before they had the opportunity to seek relief in a proper forum. Accordingly, we will not disturb the trial court's stay order.

### Conclusion

That part of the trial court's judgment granting the motion to intervene is reversed, and the cross-appeal is dismissed. The trial court's stay order shall remain in effect.

ROY L. RICHTER, C.J., and KENNETH M. ROOMINESS, J., concur.