Wendell ISHMON, Thomas Kranz, Phillip Menendez, Joseph Somogye and John Doe 1–30, Plaintiffs/Respondents,

v.

ST. LOUIS BOARD OF POLICE COMMISSIONERS, Commissioner Michael Gerdine, Commissioner Bettye Battle-Turner, Commissioner Jerome D. Lee, Commissioner Richard H. Gray and Honorable Francis G. Slay, In Their Official Capacity as Individual Members of the St. Louis Board of Police Commissioners, Defendants/Respondents,

and

John Chasnoff, Intervenor/Defendant/Appellant.

No. ED 99666.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 3, 2013.

Neil J. Bruntrager, Mary L. Bruntrager, St. Louis, MO, for Plaintiffs/Respondents.

Mark E. Lawson, St. Louis, MO, for Defendants/Respondents.

Anthony E. Rothert, Grant R. Doty, St. Louis, MO, for Intervenor/Defendant/Appellant.

SHERRI B. SULLIVAN, Judge.

### Introduction

John Chasnoff (Appellant or Intervenor–Defendant) seeks appellate review of the circuit court's denial of his Motion for Judgment on the Pleadings or, in the Alternative, to Dismiss and entry of the Consent Judgment between Plaintiffs and Defendants. Plaintiffs–Respondents Wendell Ishmon, et al., and Defendants–Respondents St. Louis Board of Police Commissioners (Board), et al., both filed motions to dismiss this appeal, arguing that neither the denial of a dispositive motion such as a motion to dismiss or a motion for judgment on the pleadings nor a consent judgment is appealable. Defendants–Respondents adopted and incorporated Plaintiffs–Respondents' suggestions in support. These motions were taken with the case.

### Factual and Procedural Background

In early November 2006, the St. Louis Metropolitan Police Department (SLMPD) received a complaint from a citizen that the citizen's St. Louis Cardinals 2006 World Series baseball tickets seized and confiscated by police for illegal scalping were improperly used during the 2006 World Series. The SLMPD's Internal Affairs Division (IAD) conducted an investigation as a result of this complaint. After the *St. Louis Post–Dispatch* published an article on the story in March 2007, a second citizen filed a similar complaint related to his confiscated tickets. The investigation revealed that out of 98 confiscated World Series tickets, 31 tickets were used, and seven police officers and one sergeant had allowed family members and friends to use the tickets. At the conclusion of the investigation, eight police officers and six police department officials were disciplined. The investigation was closed on April 18, 2007.

On April 6, 2007, Appellant made a request under the Sunshine Law, Sections 610.100 to 610.150,[1] to the custodian of records for Defendant Board seeking records of any complaints and investigative reports related to the confiscated World Series tickets situation. On April 13, 2007, the Board declined to produce the requested information claiming the investigative matter was not yet final and stated that within 72 hours of the final vote, Appellant would be provided open record information to include the discipline imposed and a record of how each member voted. On April 20, 2007, the Board sent Appellant a letter, news release, formal Board Order and vote with the names of the police officers involved in the matter, their discipline and accompanying records. By late May 2007, the Board informed Appellant

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

that he had been provided all open record material on the matter, but Appellant was not satisfied that he had been provided all records to which he was entitled and persisted that he wanted production of the entire IAD file on the matter.

On July 18, 2007, Appellant filed suit in circuit court seeking relief under the Sunshine Law. On January 2, 2009, the circuit court found the citizens' complaints were incident reports pursuant to Sections 610.100.1(4) and 610.100.2 and therefore an open record subject to disclosure, but set the matter of whether the investigation records were also subject to disclosure for a hearing. At the hearing conducted January 29, 2009, the Board abandoned its claim that the citizens' complaints did not allege a crime; the parties agreed that the citizens' complaints alleged theft by police officers, and on December 11, 2009, the circuit court issued its Judgment finding both the incident report and investigative file were open records under Sections 610.100.1(4), (5) and 610.100.2 of the Sunshine Law and ordered them disclosed to Appellant.

On January 11, 2010, the Board filed a post-judgment motion to amend, maintaining, for the first time, that one part of the investigation was open, but the other part was not, in that it had conducted a two-tier investigation into the matter, one aimed at any internal disciplinary measures to be taken and one determining whether there was any criminal aspect to the case. The circuit court allowed the Board to present evidence in support of its motion and after consideration thereof, on April 12, 2010, issued an amended judgment again finding that both the incident report and investigative file were open and must be disclosed to Appellant. On May 24, 2010, Plaintiffs–

Respondents filed a motion to intervene for purposes of appealing the judgment. On June 4, 2010, the circuit court held a hearing on the motion to intervene. On June 7, 2010, the court entered a second amended judgment adopting its April 12, 2010 amended findings of fact, conclusions of law and judgment, but granting Plaintiffs–Respondents' motion to intervene as Defendants for the sole purpose of appealing its final judgment, because they had alleged certain privacy interests in the records ordered disclosed, which the Board did not have standing to assert on appeal or otherwise, and the Board had indicated it did not intend to appeal. The court also denominated the second amended judgment a final judgment as required by Rule 74.01(a).[2]

On July 2, 2010, the circuit court entered a stay order, amended, upon application of Intervening Defendant police officers, staying disclosure of a log of 59 documents after conducting an *in camera* review of said items until further order of the court or other court of competent jurisdiction.

Intervening Defendant police officers appealed the judgment on its merits and Appellant appealed from the judgment to the extent it allowed Intervening Defendant police officers' intervention in the case. On March 29, 2011, this Court on appeal reversed the circuit court's order allowing Intervening Defendant police officers' intervention and consequently dismissed their appeal[3] but allowed the court's stay order to remain in effect. See *Chasnoff v. Board of Police Comm'rs*, 334 S.W.3d 147, 152 (Mo.App. E.D.2011). We did so because we found that "[a]lthough intervenors may not intervene for pur-

---

2. All rule references are to Mo. R. Civ. P.2010, unless otherwise indicated.

3. As such, the merits of the circuit court's June 7, 2010 judgment have never been reviewed on appeal.

**148**

poses of appeal ... [their] independent cause of action, which has never been filed or litigated in a trial court, is not foreclosed ... and they would be irreparably harmed if the records were disclosed before they had the opportunity to seek relief in a proper forum." *Id.*

Plaintiffs filed the instant action on April 8, 2011, asking the circuit court for a declaratory judgment that their personnel records are legally closed and a permanent injunction against the Board prohibiting the Board from disclosing said personnel records of Plaintiffs because they have a legally protected privacy interest in their personnel records as well as constitutional protection in their *Garrity*[4] statements and other individually identifiable records under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Appellant filed a motion to intervene as a party defendant, which the circuit court granted on April 12, 2011.

On July 25, 2011, Appellant, as Intervenor–Defendant, filed a Motion for Judgment on the Pleadings or, in the alterna-

tive, Motion to Dismiss Plaintiffs' petition. Plaintiffs filed their response to said motion and Appellant his reply to said response. On September 15, 2011, Appellant, as Intervenor–Defendant, filed a Motion to Realign Parties, as Plaintiffs and the Board were pursuing a settlement agreement that the Board would consent to be enjoined from releasing any of the 59 records as a settlement of Plaintiffs' claims for declaratory and injunctive relief against the Board. On October 12, 2011, the circuit court denied Appellant's Motion for Judgment on the Pleadings or, in the alternative, Motion to Dismiss, as well as his Motion to Realign Parties. On February 2, 2012, Appellant filed a Motion for Summary Judgment. Plaintiffs filed their response and Appellant his reply.

On April 18, 2012, the parties appeared for argument on all pending motions which the court took under submission, including a proposed Consent Judgment based on a settlement agreement between Plaintiffs and the Board. Plaintiffs and

---

4. In *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), the issue presented was whether a State, contrary to the requirement of the Fourteenth Amendment, can use the threat of discharge to secure incriminatory evidence against an employee. The Supreme Court held that the Fourteenth Amendment's protection of an individual against coerced confessions prohibits the use in subsequent criminal proceedings of confessions obtained from policemen and other members of a body politic under the threat of removal from office. *Garrity*, 385 U.S. at 500, 87 S.Ct. at 620. Any statement made during an investigation cannot be used against the declarant in a criminal prosecution, but failure to answer can result in departmental discipline and answers can be used in disciplinary proceedings. *Heinen v. Police Personnel Bd. of Jefferson City*, 976 S.W.2d 534, 537 (Mo.App. W.D.1998). An example of a *"Garrity* warning" is:

I wish to advise you that you are being questioned as part of an official investiga-

tion of the Police Department. You will be asked questions specifically directed and narrowly related to the performance of your official duties or fitness for office. You are entitled to all the rights and privileges guaranteed by the laws and the Constitution of this state and the Constitution of the United States, including the right not to be compelled to incriminate yourself. I further wish to advise you that if you refuse to testify or to answer questions relating to your performance of official duties or fitness for duty, you will be subject to departmental charges which could result in your dismissal from the Police Department. If you do answer, neither your statements nor any information or evidence which is gained by reason of your statements can be used against you in any subsequent criminal proceeding. However, these statements may be used against you in relation to subsequent departmental charges.

*Id.* at 543, n. 2.

the Board had entered into the proposed Consent Judgment as a settlement of Plaintiffs' claims for declaratory and injunctive relief against the Board. On April 18, 2012, the circuit court also ordered the parties leave to file by April 30, 2012, all legal memoranda in support of or opposed to the proposed Consent Judgment. On April 30, 2012, Plaintiffs filed their memorandum in support of the Consent Judgment; Defendant Board filed its suggestions in support of approval of the Consent Judgment; and Appellant as Intervenor–Defendant filed his opposition to entry of the Consent Judgment. On January 25, 2013, the circuit court entered its order that "[t]he pending consent judgment (attached hereto) proposed by and agreed to by Plaintiffs and Defendants, over Intervenor–Defendant's objections, is hereby granted/ordered. All other pending motions are denied as moot. This is a final and appealable judgment. So ordered." This appeal follows.

### Points on Appeal

In his first point, Appellant claims the circuit court erred in denying his motion to dismiss the underlying petition as moot because it sought a judicial determination that certain records were closed under the Sunshine Law when the Board had already declared it would not disclose the records at issue because they were closed.

In his second point, Appellant asserts the circuit court erred in denying his motion to dismiss the underlying petition to the extent it sought a determination that the Board was prohibited from disclosing records deemed closed under the Sunshine Law because a request to declare records closed pursuant to the dictates of the Sunshine Law fails to state a claim upon which relief can be granted.

In his third point, Appellant maintains the circuit court erred in denying his motion to dismiss the underlying petition because records created during a criminal investigation are open under the Sunshine Law even if that investigation is internal and of police conduct.

In his fourth point, Appellant contends the circuit court erred in granting the motion of Plaintiffs and the Board for a Consent Judgment because Appellant as an Intervenor–Defendant was not a party to the agreement nor did he assent to it.

### Discussion

### Motion to Dismiss or Judgment on the Pleadings

In his first three points on appeal, Appellant asserts error in the circuit court's order denying his motion to dismiss Plaintiffs' petition. Appellant sought dismissal of Plaintiffs' petition under three different theories: mootness, failure to state a claim, and on the merits.

The right to appeal is statutory, and an appeal may only be taken from a final judgment. *In re Trust of Bornefeld,* 36 S.W.3d 424, 426 (Mo.App. E.D.2001). The circuit court's denial of a motion to dismiss is not a final judgment and as such is not reviewable on appeal. *Bell Scott, LLC v. Wood, Wood and Wood Investments, Inc.,* 169 S.W.3d 552, 554 (Mo.App. E.D.2005); *Clayco Const. Co., Inc. v. THF Carondelet Dev., L.L.C.,* 105 S.W.3d 518, 522 (Mo.App. E.D.2003); *Halbman v. Pitzer,* 22 S.W.3d 196, 196–97 (Mo.App. E.D. 2000); *Reis v. Peabody Coal Co.,* 935 S.W.2d 625, 632 (Mo.App. E.D.1996); *Reben v. Wilson,* 861 S.W.2d 171, 175 (Mo. App. E.D.1993). For this reason, we lack the authority to review Appellant's Points I, II and III because they do not appeal from a final and appealable judgment. Points I, II and III are therefore dismissed, and Respondents' motions to dismiss are granted accordingly.

### Consent Judgment

Appellant's fourth and last point on appeal alleges error in the circuit court's entry of the Consent Judgment. The Consent Judgment was entered into between Plaintiffs and Defendant Board pursuant to their settlement agreement.

> Consent decrees are entered by parties to a case after careful negotiation has produced an agreement on their precise terms. The parties waive their right to litigate the issues involved in the case and thus save themselves the time, expense and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each giving up something they might have won had they proceeded with the litigation. Thus, the *decree* itself cannot be said to have a purpose; rather, the *parties* have purposes, generally opposed to each other, and the resultant decree embodies as much of those opposing purposes as respective parties have the bargaining power and skill to achieve.

*Firefighters v. Cleveland*, 478 U.S. 501, 522, 106 S.Ct. 3063, 3075, 92 L.Ed.2d 405 (1986) (emphasis in original). Thus, consent decrees are contractual in nature. *St. Louis Police Officers' Ass'n v. Board of Police Com'rs*, 846 S.W.2d 732, 739 (Mo. App. E.D.1992).

Appellant did not consent to the Consent Judgment in this case. Rather, he is the only adverse party seeking to litigate whether Plaintiffs have the rights they allege to have in their petition. The Board as defendant and Plaintiffs have aligned on the same side in entering into the Consent Judgment and thus precluded the determination of said rights, as directed by this Court in *Chasnoff v. Board of Police Com'rs*, 334 S.W.3d 147, 152 (Mo.App. E.D.2011), where we found that Plaintiff police officers' "independent cause of action, which has never been filed or litigated in a trial court, is not foreclosed . . . and they would be irreparably harmed if the records were disclosed before they had the opportunity to seek relief in a proper forum." *Id.*

Appellant's pleadings as Intervenor in this case set out that he has a judgment in his favor in *John Chasnoff v. Board of Police Commissioners*, No. 0722–CC07278 (22nd Cir. June 7, 2010), which directs the Board to disclose to him the records at issue because they are open under the Sunshine Act. The pleadings state: "The subject of this action is the records that Applicant John Chasnoff secured the right to view and copy in *Chasnoff v. Bd. of Police Com'rs*. Accordingly, he has an interest relating to the property that is subject to this action. If Plaintiffs are successful in this action, then Defendants will be enjoined from comply[ing] with the judgment Plaintiff obtained in *Chasnoff v. Bd. of Police Com'rs;* thus, the disposition of this action may as a practical matter impair or impede Applicant's ability to protect his interest in the subject records."

The Consent Judgment, in which the Board agrees to be enjoined from releasing these records, contravenes Appellant's rights as set out by the circuit court in its June 7, 2010 judgment. As such, not only did Appellant as a party-defendant not agree to the Consent Judgment, but he is clearly aggrieved by it. Furthermore, the reasoning set out in the Consent Judgment underlying the agreed-upon injunction is that the Plaintiff police officers have privacy and other rights justifying the records' closure. However, these rights were never adjudicated as intended by this Court in *Chasnoff v. Board of Police Com'rs*, 334 S.W.3d 147, 152 (Mo.App. E.D.2011) ("Although [police officers] may not intervene for purposes of

appeal, their independent cause of action, which has never been filed or litigated in a trial court, is not foreclosed and they may seek relief in a proper forum. Accordingly, we will not disturb the trial court's stay order."). Rather, Plaintiff police officers and Defendant Board merely aligned on the same side and determined these rights by agreement. A consent judgment *is not a judicial determination of rights*, but it is a recital of an agreement of the parties. *Household Finance Corp. v. Jenkins*, 213 S.W.3d 194, 196 (Mo.App. E.D.2007); *Nations v. Hoff*, 78 S.W.3d 222, 223 (Mo.App. E.D.2002); *Rosemann v. Roto–Die Co., Inc.*, 947 S.W.2d 507, 510 (Mo.App. E.D. 1997). It is not a final judgment, even though the circuit court designated its order granting the consent judgment "a final and appealable judgment." *Household Finance Corp.*, 213 S.W.3d at 196; *Nations*, 78 S.W.3d at 223; *Rosemann*, 947 S.W.2d at 510. The circuit court's designation is not dispositive; instead, it is the content, substance, and effect of the order that determines finality and appealability. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

▇▇ Furthermore, until Appellant's rights as an intervenor defendant are disposed of in this case, there is no final judgment. In his application to intervene, Appellant established intervention as of right: "(1) an interest in the subject matter; (2) a disposition of the action that may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties." *LeChien v. St. Louis Concessions, Inc.*, 33 S.W.3d 602, 603 (Mo.App. E.D.2000). His intervention was unopposed by the parties and granted by the court. The major purpose of the rule of intervention of right is to facilitate the determination of all related disputes in one proceeding, thereby avoiding a multi-

plicity of actions. *Id.* at 603–04. We find that the Consent Judgment between Plaintiff police officers and the Board thwarted the purpose of Appellant's intervention, i.e., to facilitate the determination of *all* related disputes in *one* proceeding. Appellant's asserted interest and rights in disclosure of the records at issue were never adjudicated in this proceeding and disregarded without determination by the Consent Judgment.

Accordingly, the present appeal is dismissed, Respondents' motions to dismiss granted accordingly, the Consent Judgment vacated and this cause is remanded to the trial court for adjudication on the merits of Plaintiff police officers' asserted constitutional and/or statutory rights to keep the subject records closed in part or in their entirety in conjunction with Appellant's asserted rights to view those same records as open public records under the Sunshine Act.

### Conclusion

Appeal dismissed, Consent Judgment vacated and cause remanded for further proceedings consistent with this opinion. The Presiding Judge of the 22nd Circuit Court of the City of St. Louis is hereby ordered on remand to randomly reassign Cause No. 1122–CC01598 and Cause No. 0722–CC07278 to a new judge to facilitate a final adjudication of all parties' interests and rights in the subject matter and avoid any inconsistent judgments or the imposition of any contrary duties.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.