John CHASNOFF, Plaintiff/Appellant,

v.

Col. Joseph MOKWA, in his official capacity as Chief of Police of the Metropolitan Police Department of the City of St. Louis;  Metropolitan Police Department of the City of St. Louis; Francis Slay, Julius Hunter, Joann Freeman and Vincent Bommarito, in their official capacities as members of the Board of Police Commissioners of the City of St. Louis;  and STATE OF MISSOURI, Defendants/Respondents.

No. ED 99777.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 3, 2013.

Anthony E. Rothert, Grant R. Doty, St. Louis, MO, for Plaintiff/Appellant.

Mark E. Lawson, St. Louis, MO, for Defendants/Respondents.

SHERRI B. SULLIVAN, Judge.

*Introduction*

John Chasnoff (Appellant) appeals from the circuit court's judgment denying his motion for a special order to enforce the court's June 7, 2010 judgment. We reverse the judgment denying the motion to enforce with special instructions to stay the June 7, 2010 judgment.

*Factual and Procedural Background*

In early November 2006, the St. Louis Metropolitan Police Department (SLMPD) received a complaint from a citizen that the citizen's St. Louis Cardinals 2006 World Series baseball tickets seized and confiscated by police for illegal scalping were improperly used during the 2006 World Series. The SLMPD's Internal Affairs Division (IAD) conducted an investigation as a result of this complaint. After the *St. Louis Post-Dispatch* published an article on the story in March 2007, a second citizen filed a similar complaint related to his confiscated tickets. The investigation revealed that out of 98 confiscated World Series tickets, 31 tickets were used, and seven police officers and one sergeant had allowed family members and friends to use the tickets. At the conclusion of the investigation, eight police officers and six police department officials were disciplined. The investigation was closed on April 18, 2007.

On April 6, 2007, Appellant, a resident of St. Louis County, Missouri, and a member of the unincorporated citizens' group "Coalition against Police Crimes and Repression," made a request under the Sunshine Law, Sections 610.100 to 610.150,[1] to the custodian of records for Defendant Board of Police Commissioners of St. Louis (Board) seeking records of any complaints and investigative reports related to the confiscated World Series tickets situation. On April 13, 2007, the Board declined to produce the requested information claiming the investigative matter was not yet final and stated that within 72 hours of the final vote, Appellant would be provided open record information to include the discipline imposed and a record of how each

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

member voted. On April 20, 2007, the Board sent Appellant a letter, news release, formal Board Order and vote with the names of the police officers involved in the matter, their discipline and accompanying records. By late May 2007, the Board informed Appellant that he had been provided all open record material on the matter, but Appellant was not satisfied that he had been provided all records to which he was entitled and persisted that he wanted production of the entire IAD file on the matter.

On July 18, 2007, Appellant filed suit against Col. Joseph Mokwa, in his official capacity as Chief of Police of the Metropolitan Police Department of the City of St. Louis; the Metropolitan Police Department of the City of St. Louis; Francis Slay, Julius Hunter, Joann Freeman and Vincent Bommarito, in their official capacities as members of the Board of Police Commissioners of the City of St. Louis; and the State of Missouri (collectively Respondents), in circuit court seeking relief under the Sunshine Law, seeking "the full documentation of the Internal Affairs investigations" related to the World Series tickets matter and an injunction prohibiting the Board from withholding the incident report and investigative report of the matter. The parties filed cross-motions for summary judgment, and on January 2, 2009, the circuit court entered partial summary judgment in Appellant's favor, find-

ing that the citizens' complaints were incident reports pursuant to Sections 610.100.1(4) and 610.100.2 and therefore an open record subject to disclosure, but set the matter of whether the investigation records were also subject to disclosure for a hearing. At the hearing conducted January 29, 2009, the Board abandoned its claim that the citizens' complaints did not allege a crime; the parties agreed the citizens' complaints alleged theft by police officers; and on December 11, 2009, the circuit court issued its Judgment finding both the incident report and investigative file were open records under Sections 610.100.1(4), (5) and 610.100.2 of the Sunshine Law and ordered them disclosed to Appellant.

■ On January 11, 2010, the Board filed a post-judgment motion to amend the December 11, 2009 judgment and vacate the findings of fact and conclusions of law, or in the alternative, for a new trial. In support of its motion, the Board maintained, for the first time, that the investigation had separate criminal and administrative files, and the administrative file pertained to the internal discipline of police officers. The Board sought to amend the judgment to declare that it was not required to produce the IAD administrative file because it was a closed record, in that it was related to internal police officer discipline and contained *Garrity*[2] state-

---

**2.** In *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), the issue presented was whether a State, contrary to the requirement of the Fourteenth Amendment, can use the threat of discharge to secure incriminatory evidence against an employee. The Supreme Court held that the Fourteenth Amendment's protection of an individual against coerced confessions prohibits the use in subsequent criminal proceedings of confessions obtained from policemen and other members of a body politic under the threat of removal from office. *Garrity*, 385 U.S. at 500, 87 S.Ct. at 620. Any statement made

during an investigation cannot be used against the declarant in a criminal prosecution, but failure to answer can result in departmental discipline and answers can be used in disciplinary proceedings. *Heinen v. Police Personnel Bd. of Jefferson City*, 976 S.W.2d 534, 537 (Mo.App. W.D.1998). An example of a "Garrity warning" is:

I wish to advise you that you are being questioned as part of an official investigation of the Police Department. You will be asked questions specifically directed and narrowly related to the performance of

ments, which the Board was not allowed to disclose to prosecutors.

The circuit court allowed the Board to present evidence in support of its motion and after consideration thereof, on April 12, 2010, issued an "amended judgment" again finding that both the incident report and investigative file were open and must be disclosed to Appellant. On May 6, 2010, the court granted Appellant's motion for attorney's fees and for the assessment of a civil penalty. This order disposed of all existing claims and parties, but was not denominated as a judgment or decree. On May 24, 2010, several named and anonymous individuals (Intervenor–Defendant police officers) filed a motion to intervene for purposes of appealing the judgment. On June 4, 2010, the circuit court held a hearing on the motion to intervene. On June 7, 2010, the court entered a second amended judgment adopting its April 12, 2010 amended findings of fact, conclusions of law and judgment, but granting the Intervenor–Defendant police officers' motion to intervene for the sole purpose of appealing its final judgment, because the Intervenor–Defendant police officers had alleged certain privacy interests in the records ordered disclosed, which, the officers asserted, the Board did not have standing to assert on appeal or otherwise, and the Board had indicated it did not intend to appeal. The court also denominated the

second amended judgment a final judgment as required by Rule 74.01(a).[3]

Appellant appealed from the judgment to the extent it allowed Intervenor–Defendant police officers' intervention in the case. Intervenor–Defendant police officers cross-appealed the judgment on its merits. On July 14, 2010, the circuit court entered an amended stay order upon application of Intervenor–Defendant police officers, staying disclosure of a log of 59 documents after conducting an *in camera* review of said items until further order of the court or other court of competent jurisdiction. On March 29, 2011, this Court on appeal reversed the circuit court's order allowing Intervenor–Defendant police officers' intervention in the proceedings below and consequently dismissed their cross-appeal of the circuit court's June 7, 2010 judgment[4] but allowed the court's stay order to remain in effect. See *Chasnoff v. Board of Police Comm'rs*, 334 S.W.3d 147, 152 (Mo.App. E.D.2011). We did so because we found that "[a]lthough intervenors may not intervene for purposes of appeal ... [their] independent cause of action, which has never been filed or litigated in a trial court, is not foreclosed ... and they would be irreparably harmed if the records were disclosed before they had the opportunity to seek relief in a proper forum." *Id.*

your official duties or fitness for office. You are entitled to all the rights and privileges guaranteed by the laws and the Constitution of this state and the Constitution of the United States, including the right not to be compelled to incriminate yourself. I further wish to advise you that if you refuse to testify or to answer questions relating to your performance of official duties or fitness for duty, you will be subject to departmental charges which could result in your dismissal from the Police Department. If you do answer, neither your statements nor any information or evidence which is

gained by reason of your statements can be used against you in any subsequent criminal proceeding. However, these statements may be used against you in relation to subsequent departmental charges.

*Id.* at 543, n. 2.

3. All rule references are to Mo. R. Civ. P.2010, unless otherwise indicated.

4. As such, the merits of the circuit court's June 7, 2010 judgment have never been reviewed on appeal.

On April 8, 2011, Intervenor–Defendant police officers, as Plaintiffs, filed an independent cause of action in the circuit court[5] asking the court for a declaratory judgment that the 59 records be legally closed and a permanent injunction against the Board prohibiting the Board from disclosing said records because Plaintiffs have a legally protected privacy interest in their personnel records as well as constitutional protection in their *Garrity* statements and other individually identifiable records under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

On April 12, 2011, Appellant filed a motion to intervene as a defendant in the police officers' action, which the circuit court granted. On July 25, 2011, Appellant, as Intervenor–Defendant, filed a Motion for Judgment on the Pleadings or, in the alternative, Motion to Dismiss Plaintiffs' petition. Plaintiffs filed their response to said motion and Appellant his reply to said response. On September 15, 2011, Appellant, as Intervenor–Defendant, filed a Motion to Realign Parties, as Plaintiffs and the Board were pursuing a settlement agreement that the Board would consent to be enjoined from releasing any of the 59 records as a settlement of Plaintiffs' claims for declaratory and injunctive relief against the Board. On October 12, 2011, the circuit court denied Appellant's Motion for Judgment on the Pleadings or, in the alternative, Motion to Dismiss as well as his Motion to Realign Parties. On February 2, 2012, Appellant filed a Motion for Summary Judgment. Plaintiffs filed their response and Appellant his reply.

On April 18, 2012, the parties appeared for argument on all pending motions which the court took under submission, including a proposed Consent Judgment based on the settlement agreement between Plaintiffs and the Board. On April 18, 2012, the circuit court also ordered the parties leave to file by April 30, 2012, all legal memoranda in support of or opposed to the proposed Consent Judgment. On April 30, 2012, Plaintiffs filed their memorandum in support of the Consent Judgment; Defendant Board filed its suggestions in support of approval of the Consent Judgment; and Appellant as Intervenor–Defendant filed his opposition to entry of the Consent Judgment. On January 25, 2013, the circuit court entered its order that "[t]he pending consent judgment (attached hereto) proposed by and agreed to by Plaintiffs and Defendants, over Intervenor–Defendant's objections, is hereby granted/ordered. All other pending motions are denied as moot. This is a final and appealable judgment. So ordered."

On March 4, 2013, Appellant filed his motion for a special order after final judgment to enforce (motion to enforce) the circuit court's June 7, 2010 judgment, because the custodian of records for the SLMPD was refusing to honor Appellant's request for disclosure of the 59 records despite the June 7, 2010 judgment's order that it do so, because of the agreement not to do so set forth in the January 25, 2013 Consent Judgment. On April 17, 2013, the circuit court denied Appellant's motion to enforce in a Judgment and Order entered Nunc Pro Tunc to March 21, 2013,[6] to comply with Rule 74.01, and designated it appealable under Section 512.020(5), rea-

---

**5.** *Ishmon et al. v. Board of Police Commissioners, et al.,* Cause No. 1122–CC01598.

**6.** As the Supreme Court did in *Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo.banc 2003), we treat the reference to *nunc pro tunc* as

surplusage because the failure to designate an order as a judgment is not a clerical error and cannot be corrected *nunc pro tunc* under Rule 74.01(a). The date of the judgment is therefore April 17, 2013.

soning that doing so would "subject the Board of Police Commissioners to contrary duties, namely, to turn over the records as required in this case, on the one hand, and not to turn over the records in question as required by the ruling in *Ishmon v. Board of Police Commissioners* (i.e., the consent judgment), on the other hand." On March 29, 2013, Appellant filed the instant appeal of the circuit court's Judgment and Order of denial.

### Points on Appeal

In his two points on appeal, consolidated for our discussion, Appellant claims the circuit court erred in denying his motion to enforce its June 7, 2010 judgment because it is a final judgment, subject to enforcement, obligating the Board to disclose specific public records which it has refused to do; no other valid judgment or order absolves the Board of its obligations under the judgment, and to the extent the January 25, 2013 Consent Judgment might appear to impose an obligation on the Board that conflicts with the Board's obligation under the June 7, 2010 judgment, the inconsistent obligation to which the Board voluntarily agreed does not excuse it from complying with the June 7, 2010 judgment.

### Standard of Review

■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

### Discussion

The circuit court's June 7, 2010 second amended judgment orders the Board to disclose the requested information to Appellant because it found as a matter of law after examining the records *in camera* that they are open under the Sunshine Act

as incident reports and investigative reports pursuant to Section 610.100.1, and they are further subject to disclosure under Section 610.100.2, as the investigation itself is closed. The information consists of 59 separate and specific records inventoried in a log attached to the 2010 judgment. An identical log of records is attached to the 2013 consent judgment in the Intervenor–Defendant police officers as Plaintiffs' case, except in that judgment they are designated as closed personnel records containing their personal private information consisting of disciplinary action and constitutionally protected *Garrity* statements, which the Board is enjoined from disclosing.

In the instant case, the Board ultimately maintained to the circuit court that the SLMPD IAD's investigation into the citizens' complaints was two-tiered, in that a criminal investigation and a separate administrative investigation were conducted by the IAD. The former concerned whether any criminal conduct had occurred and was done in conjunction with the Circuit Attorney's office, and the latter delved into whether any employee misconduct took place meriting internal discipline. The criminal investigation records were allowed to be used in the administrative investigation, but not vice versa, because of the *Garrity* statements made in the administrative context. The Board contended to the circuit court that the administrative investigation comprised 14 records, and the criminal investigation encompassed 5 records. After examining the content of these records *in camera*, the circuit court disagreed with the Board's characterization of them, and charged that the SLMPD was attempting to conceal some records under the guise of their connection with the hiring, firing and discipline of employees. The circuit court then deemed all 59 records open in

their entirety because it found the Board had not asserted any evidentiary support for any meritorious reason for closing them under the Sunshine Act. The court also determined any exception under which the records may be deemed closed was trumped by their general and prevailing open nature under the Sunshine Act.

In reliance upon and pursuant to the June 7, 2010 judgment, Appellant made a Sunshine Act request to the Board for the records. The Board refused the request, citing the protection of said records afforded by the January 25, 2013 Consent Judgment entered into between Intervenor–Defendant police officers as Plaintiffs and the Board. Appellant then turned to the circuit court for enforcement of its June 7, 2010 judgment ordering disclosure of the records. In response, the circuit court stated that although it did not question the validity of its June 7, 2010 judgment,[7] it declined to enforce it at Appellant's request because of the Consent Judgment. The Consent Judgment, as hereinbefore noted, reflects an agreement between the Plaintiff police officers and Defendant Board to refrain from disclosing any of the very same records adjudged to be open by the circuit court's June 7, 2010 judgment in the instant case, because it deemed them closed as containing constitutionally and statutorily protected private and individually identifiable personnel information. The circuit court in the case *sub judice* reasoned that it would not enforce its June 7, 2010 judgment because it determined that in doing so it would "subject the Board of Police Commissioners to contrary duties, namely, to turn over the records as required in this case, on the one

hand, and not to turn over the records in question as required by the ruling in *Ishmon v. Board of Police Commissioners* (i.e., the consent judgment), on the other hand."

" '[C]ourts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so.' " *Schumacher v. Austin,* 400 S.W.3d 364, 369 (Mo.App. W.D.2013), quoting *SD Invs., Inc. v. Michael–Paul, L.L.C.,* 157 S.W.3d 782, 786 (Mo.App. W.D.2005); see also *Multidata Sys. Int'l Corp. v. Zhu,* 107 S.W.3d 334, 339 (Mo.App. E.D.2003).

The Consent Judgment in *Ishmon* cannot be used as a reason not to enforce the June 7, 2010 judgment because, as we have determined in the companion case ED99666, it is not a final judgment. A consent judgment is a recital of an agreement of the parties, not a judicial determination of rights. *Household Finance Corp. v. Jenkins,* 213 S.W.3d 194, 196 (Mo.App. E.D.2007); *Nations v. Hoff,* 78 S.W.3d 222, 223 (Mo.App. E.D.2002); *Rosemann v. Roto–Die Co., Inc.,* 947 S.W.2d 507, 510 (Mo.App. E.D.1997). It is not a final judgment, no matter how designated. *Household Finance Corp.,* 213 S.W.3d at 196; *Nations,* 78 S.W.3d at 223; *Rosemann,* 947 S.W.2d at 510. It is the content, substance and effect of the order that determines finality and appealability. *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo.banc 1997). Appellant's asserted interest and rights in the subject matter covered by the Consent Judgment as an intervenor-defendant in Cause No. 1122–

7. In its April 17, 2013 judgment and order denying Appellant's motion for a special order to enforce judgment, the court opined, "[T]he Court continues to conclude that its Second Amended Findings of Fact, Conclusions of Law and Judgment dated June 7, 2010, is correct and that Missouri's Sunshine Law requires the Board of Police Commissioners to turn over to [Appellant] the records set out in the list of documents previously subject to the Court's stay order."

CC01598 were left unadjudicated. The major purpose of the rule of intervention of right is to facilitate the determination of all related disputes in one proceeding, thereby avoiding a multiplicity of actions. *LeChien v. St. Louis Concessions, Inc.,* 33 S.W.3d 602, 603–04 (Mo.App. E.D.2000).

However, despite our disagreement with the circuit court's reasoning for refusing to enforce its judgment, in order to facilitate the determination of all related disputes in one proceeding, we order the June 7, 2010 judgment stayed pending resolution on the merits of the claims asserted in *Ishmon* on remand, as we have so directed in the companion case ED99666. Because of the unusual procedural posture and circumstances of these two cases, the extraordinary amount of time the instant case has been pending and in the interests of justice, we adjudge that the stay ordered in this case will expire no later than six months after the issuance of this Court's mandate unless there is a judgment finding there are protected rights and interests on behalf of Plaintiff police officers demanding adjustment to or modification of the June 7, 2010 judgment ordering full and complete disclosure of the 59 records at issue, said judgment to be stayed if necessary to preserve the status quo if there is an appeal.

*Conclusion*

The circuit court's order and judgment denying Appellant's motion for special order to enforce the June 7, 2010 judgment is reversed; however, the June 7, 2010 judgment is ordered stayed by this Court no longer than six months after the issuance of this Court's mandate unless there is a judgment finding there are protected rights and interests on behalf of Plaintiff police officers demanding adjustment to or modification of the June 7, 2010 judgment ordering full and complete disclosure of

the 59 records at issue, said judgment to be stayed if necessary to preserve the status quo if there is an appeal. The Presiding Judge of the 22nd Circuit Court of the City of St. Louis is hereby ordered on remand to randomly reassign Cause No. 0722–CC07278 and Cause No. 1122–CC01598 to a new judge to facilitate a final adjudication of all parties' interests and rights in the subject matter and avoid any inconsistent judgments or the imposition of any contrary duties.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.